## MARY VON ARX v. WEMPLE'S EXECUTORS.

Judgment was obtained by the plaintiff, after the testator's death, against the executors of the decedent, and execution issued, before proceedings were taken to declare the estate insolvent. *Held*, that the proceeds of the sale of the goods of the testator, levied upon by the *fi. fa.*, must be applied to the satisfaction of the execution under which the sheriff sold.

Rule to show cause.

Argued at November Term, 1882, before Justices DEPUE and VAN SYCKEL.

For the rule, *Alward & Parrot.*

For the executors, *R. E. Chetwood.*

The opinion of the court was delivered by

VAN SYCKEL, J.   After the testator's death, judgment was obtained by the plaintiff against the executors of the decedent, and execution issued before proceedings taken to declare the estate insolvent.

In the opinion of this court, in this cause, delivered at the present term, it is held that where an order to limit creditors has been taken under section 59 of the Orphans' Court act, execution will not be stayed unless application, in accordance with section 91 of the said act, is made before execution issues.

Under the *fi. fa.* issued in this case, the sheriff levied upon goods of the testator, and such goods were subject to be sold under the execution to satisfy the judgment.

Prior to the act of 1865 (*Pamph. L., p.* 832,) if the execution creditor could not find goods of the testator upon which to levy, he obtained satisfaction of his judgment in an action against the executor suggesting a *devastavit.*   In such suit the judgment was conclusive evidence of a *devastavit* when the executor failed to plead *plene administravit.*   3 *Wms. Ex'rs* (1983.)

Thus in any event the judgment creditor obtained satisfaction.   If goods of the testator could be found, they were sold under the *fi. fa.* and the judgment paid; if *nulla bona* was returned, the executor was proceeded against upon suggestion of a *devastavit.*

By the act of 1865, the law was changed only in this respect, that notwithstanding failure to plead *plene administravit* in the original suit, the executor may, in the subsequent action against him, show that he has fully administered.   *Rev. p.* 380, § 18.

Therefore if goods of the testator cannot be found to levy upon, the judgment creditor may fail to derive any advantage from his judgment.   This does not, however, deprive him of

Kean v. Driggs Drainage Co.

the right to make his claim out of the goods of the testator, if any such goods can be found upon which to levy, but simply enables the executor, if he is proceeded against on suggestion of a *devastavit*, to controvert that by showing due administration.

The executor, by permitting execution to issue, has enabled the creditor to sell the goods of the testator, and the proceeds must be applied to the satisfaction of the execution. It is not necessary to decide what responsibility the executor has incurred by reason of his neglect to declare the estate insolvent before execution was issued.

The plaintiff is entitled to have the moneys made by the sheriff under the *fi. fa.* applied to the satisfaction of her execution.